

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2007

# USA v. Diaz-Hernandez

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5245

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Diaz-Hernandez" (2007). *2007 Decisions*. Paper 959.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/959

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  05-5245

UNITED STATES OF AMERICA

v.

CARLOS ENRIQUE DIAZ-HERNANDEZ,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No.: 04-02J
District Judge: The Honorable Kim R. Gibson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 4, 2007

Before: SMITH, COWEN, and SILER, *Circuit Judges*[*]

(Filed: June 12, 2007)

OPINION

SMITH, *Circuit Judge*.

Carlos Enrique Diaz-Hernandez is a native and citizen of Mexico.  He was

convicted in Bedford County, Pennsylvania of assault and possession of a firearm.  Diaz-

_____

[*]The Honorable Eugene E. Siler, Senior Circuit Judge for the United States Court of
Appeals for the Sixth Circuit, sitting by designation.

Hernandez returned to Mexico on April 15, 2003, pursuant to an order of removal issued by an immigration judge in York, Pennsylvania. He understood that he could not reenter the United States without permission.

Diaz-Hernandez illegally reentered the United States on May 1, 2003. On October 25, 2003, the Pennsylvania State Police found Diaz-Hernandez in Bedford, Pennsylvania. Diaz-Hernandez was indicted under 8 U.S.C. § 1326 for knowingly and unlawfully reentering the United States after having been removed. The District Court sentenced him to 46 months imprisonment.

Following the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), Diaz-Hernandez sought a remand for resentencing. This Court granted the motion. The District Court imposed the same sentence. This appeal followed.

The District Court exercised jurisdiction over this action under 18 U.S.C. § 3231. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

Diaz-Hernandez argues that, because his prior conviction for an aggravated felony increased his statutory maximum penalty, his prior conviction should have been charged in the indictment and proven to the jury beyond a reasonable doubt. He maintains that failure in either respect violates his rights under the Sixth Amendment.

Diaz-Hernandez concedes that the Supreme Court has settled this issue in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Diaz-Hernandez

acknowledges that he pursues this appeal only to preserve this claim should the Supreme Court alter or overturn *Almendarez-Torres*. 523 U.S. at 243.

In *Almendarez-Torres*, the Supreme Court held that 8 U.S.C. § 1326(b)(2), which sets a higher statutory maximum penalty for violators with a prior conviction for an aggravated felony, is a penalty provision, not a separate offense. 523 U.S. at 243. Therefore, the Government is not required by the Sixth Amendment to charge and prove the prior conviction beyond a reasonable doubt. *Id*. *Almendarez-Torres* stands for the principle that prior convictions that increase the statutory maximum penalty for an offense are not elements of the offense and thus may be found by a district court by a preponderance of the evidence. *See id*.

This Court has held that *Almendarez-Torres* survived the Supreme Court's decision in *Booker*, 543 U.S. at 244. *See United States v. Ordaz*, 398 F.3d 236, 241 (3d Cir. 2005). We will affirm the District Court's judgment.